UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HARRY RIVERA,  :
              Plaintiff,  :
v.  :
  :  **OPINION AND ORDER**
SUPERINTENDENT CONNOLLY,  :
SERGEANT ("SGT.") CURTIN, SGT.  :  18 CV 3958 (VB)
PADGETT, CORRECTION OFFICER ("C.O.")  :
O'CONNOR, C.O. HURST, C.O. DEFREESE,  :
C.O. JUDGE, and C.O. JOHN DOE ##1–4,  :
              Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Harry Rivera, represented by counsel, brings this Section 1983 action against defendants Superintendent ("Supt.") Connolly, Sergeant ("Sgt.") Curtin, Sgt. Padgett, Correction Officer ("C.O.") O'Connor, C.O. Hurst, C.O. DeFreese, C.O. Judge, and C.O.s John Doe ##1–4, alleging violations of his First, Eighth, and Fourteenth Amendment rights at Fishkill Correctional Facility ("Fishkill").

Before the Court is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #17).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's excessive force claim against C.O. Judge shall proceed. All other claims are dismissed.[1]

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] C.O. Hurst has not appeared in this case. However, the issues concerning Hurst are substantially similar to the issues concerning C.O. O'Connor, C.O. DeFreese, and Sgt. Curtin, and plaintiff has had a full opportunity to state his claims against Hurst. Accordingly, the Court dismisses plaintiff's claims against Hurst sua sponte. See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990).

1

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint[2] and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff was a convicted inmate housed at Fishkill at all relevant times. On April 21, 2015, an inmate allegedly died at Fishkill due to unspecified correction officers' use of excessive force. Plaintiff allegedly "claimed," at an unspecified time and in an unspecified manner, "to have information regarding the circumstances surrounding" the inmate's death. (Doc. #16 ("Am. Compl.") ¶ 19). Between April 21 and May 6, 2015, plaintiff alleges C.O. O'Connor, C.O. Hurst, C.O. DeFreese, and Sgt. Curtin subjected plaintiff to unspecified "threats and physical abuse" in retaliation for plaintiff's "willingness to speak to investigators." (Id. ¶ 21).

Around April 22, 2015, plaintiff alleges he reported to Supt. Connolly that O'Connor, Hurst, DeFreese, and Curtin were threatening and physically abusing plaintiff because he was willing to cooperate with the death investigation. According to plaintiff, his lawyer then called Supt. Connolly to request that plaintiff be moved "out of the building in which he was being held" and into a "safer" location at Fishkill. (Am. Compl. ¶ 24). Plaintiff claims Supt. Connolly failed to protect plaintiff by ignoring this transfer request, after which O'Connor, Hurst, DeFreese, and Curtin's unspecified threats and abuse allegedly continued.

Approximately two weeks later, on May 6, 2015, plaintiff claims an unknown inmate slashed plaintiff in the face, causing a laceration that required fourteen sutures. After being slashed, plaintiff immediately went to a nearby bathroom. C.O. Judge allegedly entered the

---

[2] After defendants moved to dismiss the initial complaint, the Court granted plaintiff leave to file the amended complaint (Doc. #13), which is now the operative complaint in this case.

bathroom and "violently knock[ed] [plaintiff] down." (Am. Compl. ¶ 28). Plaintiff does not allege C.O. Judge caused plaintiff any injury.

Plaintiff asserts that the unknown inmate assailant acted "at the direction of" O'Connor, Hurst, DeFreese, or Curtin. (Am. Compl. ¶ 30). Plaintiff claims one or more of those defendants orchestrated the assault as retaliation for plaintiff's complaint about them to Supt. Connolly.

After the alleged assault, plaintiff allegedly was transferred to involuntary solitary confinement. There, plaintiff says he gave to four unknown correction officers, sued here as John Does, several grievances concerning plaintiff's alleged interaction with Supt. Connolly, the alleged inmate assault, and C.O. Judge's alleged use of excessive force. Plaintiff says the John Doe defendants were supposed to submit plaintiff's grievances to Sgt. Padgett; but according to plaintiff, Sgt. Padgett later said he had "received no grievances from plaintiff and instructed plaintiff to re-submit" them. (Am. Compl. ¶ 36). Plaintiff alleges he then attempted to re-submit his grievances without success. He claims the John Doe defendants "intentionally and maliciously failed to deliver [his] grievances" to Sgt. Padgett, or alternatively, that Sgt. Padgett received one or more of plaintiff's grievances but "intentionally and maliciously failed and refused to process them." (Am. Compl. ¶ 37–38).

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3] First, plaintiff's legal conclusions and "[t]hreadbare recitals of

---

3   Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II. Retaliation Claims

O'Connor, Hurst, DeFreese, and Curtin argue plaintiff fails to state a First Amendment retaliation claim against them.

The Court agrees.

To adequately plead a First Amendment retaliation claim, a plaintiff must plausibly allege (i) he engaged in constitutionally protected speech or conduct; (ii) a defendant took adverse action against him; and (iii) the protected speech and adverse action are causally connected. Dolan v. Connolly, 794 F.3d 290, 294 (2d Cir. 2015). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

Courts "approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." Dolan v. Connolly, 794 F.3d at 295. Accordingly, a prisoner pursuing a retaliation claim must not rest on "wholly conclusory" allegations, but rather must allege "specific and detailed" supporting facts. Id.

Plaintiff alleges retaliation for (i) his willingness to speak with investigators about the inmate death at Fishkill, and (ii) his complaint to Supt. Connolly about O'Connor, Hurst, DeFreese, and Curtin. The Court takes up these claims in turn.

A. <u>Willingness to Speak with Investigators</u>

Plaintiff fails adequately to plead a claim of retaliation for his willingness to speak with investigators.

First, plaintiff does not offer any "specific and detailed" allegation that he engaged in constitutionally protected speech or conduct. Dolan v. Connolly, 794 F.3d at 295. His only allegations in this regard are that he "claimed to have information" about the inmate death and "was known by" unspecified "DOCCS personnel . . . to be willing to speak to investigators with regard to whatever knowledge he had of the circumstances surrounding" it. (Am. Compl. ¶ 20). But plaintiff does not allege he ever tried to speak with an investigator, or that he communicated to any prison official that he was willing to do so; nor does plaintiff explain how, when, or to whom he "claimed to have information." (Id. ¶ 19). Standing alone, plaintiff's subjective willingness to speak with investigators is not constitutionally protected speech. Cf. Edwards v. Horn, 2012 WL 760172, at *14 (S.D.N.Y. Mar. 8, 2012) ("Hoping to engage in constitutionally protected activity is not itself constitutionally protected activity.").

5

Plaintiff also fails adequately to plead a cognizable adverse action. Plaintiff claims O'Connor, Hurst, DeFreese, and Curtin subjected him to unspecified "threats and physical abuse." (Am. Compl. ¶ 21). But the First Amendment does not prohibit every instance of retaliatory conduct: to support a retaliation claim, a defendant's alleged conduct must be severe enough to "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." Dawes v. Walker, 239 F.3d at 493. Absent any description of any defendant's allegedly retaliatory conduct, the amended complaint fails plausibly to allege this requirement.

Accordingly, the Court dismisses plaintiff's claim of retaliation by O'Connor, Hurst, DeFreese, or Curtin for plaintiff's willingness to speak with investigators.

B.  Complaint to Supt. Connolly

Plaintiff likewise fails adequately to plead O'Connor, Hurst, DeFreese, or Curtin played any role in the May 6, 2015, inmate assault. Indeed, the amended complaint offers no factual allegations whatsoever concerning any defendant's involvement in that incident; nor does plaintiff offer any indication that O'Connor, Hurst, DeFreese, or Curtin knew of plaintiff's complaint to Supt. Connolly, for which the assault allegedly served as retaliation. Instead, plaintiff seemingly speculates O'Connor, Hurst, DeFreese, or Curtin orchestrated the assault because it occurred around two weeks after plaintiff spoke with Supt. Connolly. Under the circumstances of this case, absent anything more, that temporal proximity falls well short of the "specific and detailed" facts required adequately to allege that O'Connor, Hurst, DeFreese, or Curtin retaliated against plaintiff by arranging the stabbing. Dolan v. Connolly, 794 F.3d at 295; see, e.g., Edwards v. Horn, 2012 WL 760172, at *17–18 ("Apart from any apparent temporal

6

proximity, . . . [prisoner plaintiff's retaliation] allegations are wholly conclusory and should be dismissed.").

The Court therefore dismisses plaintiff's claim of retaliation by O'Connor, Hurst, DeFreese, or Curtin for plaintiff's alleged complaint to Supt. Connolly.

III.  Excessive Force Claim

C.O. Judge argues plaintiff fails to state an Eighth Amendment excessive force claim. The Court disagrees.

There are two components to a claim of excessive force in violation of the Eighth Amendment: one objective and one subjective. Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009). The objective component focuses on the harm done in light of "contemporary standards of decency." Id. An inmate must plausibly allege the defendant's "wrongdoing was objectively harmful enough to establish a constitutional violation." Id. "But when prison officials use force to cause harm maliciously and sadistically, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." Id. at 268–69. "Although not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights, a showing of extreme injury is not required to bring an excessive force claim if the alleged conduct involved unnecessary and wanton infliction of pain." Toliver v. N.Y.C. Dep't of Corr., 202 F. Supp. 3d 328, 334–35 (S.D.N.Y. July 29, 2016).

As for the subjective component, an inmate must adequately plead the defendant "had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." Wright v. Goord, 554 F.3d at 268. "The test of whether use of force in prison constitutes excessive force contrary to the

Eighth Amendment is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003). Factors salient to this inquiry include "the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." Id.

Plaintiff sufficiently alleges C.O. Judge maliciously or wantonly caused plaintiff physical harm. Viewing plaintiff's allegations in the light most favorable to him, it is plausible that Judge saw plaintiff in the bathroom with a visible and serious wound, and knocked plaintiff to the ground unnecessarily and without legitimate reason. At this early stage of the case, the Court therefore cannot conclude as a matter of law that Judge used force against plaintiff "in a good-faith effort to maintain or restore discipline." Scott v. Coughlin, 344 F.3d at 291.

Accordingly, plaintiff's excessive force claim against C.O. Judge shall proceed.

IV. Failure-to-Protect Claim

Defendant Connolly argues plaintiff fails to state a failure-to-protect claim.

The Court agrees.

The Eighth Amendment requires that prison officials take reasonable measures to ensure inmates' safety. Farmer v. Brennan, 511 U.S. 825, 833–34 (1994). A failure-to-protect claim thus arises when prison officials act "with deliberate indifference to the safety of the inmate." Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). When brought by a convicted prisoner, such a claim is analyzed under the Eighth Amendment, see Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017), and must satisfy two prongs: an objective prong and a mens rea prong.

8

To adequately plead the objective prong, a plaintiff must plausibly allege a prison official exposed the plaintiff to conditions that "pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). In this context, "[t]here is no static test to determine whether a deprivation is sufficiently serious; instead, the [prison] conditions themselves must be evaluated in light of contemporary standards of decency." Darnell v. Pineiro, 849 F.3d at 30.

To adequately plead the mens rea prong, a plaintiff must plausibly allege the defendant "ha[d] knowledge that an inmate face[d] a substantial risk of serious harm," yet "disregard[ed] that risk by failing to take reasonable measures to abate" it. Hayes v. N.Y.C. Dep't of Corr., 84 F.3d at 620. The defendant officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).

"[A]n inmate's communications about generalized safety concerns or vague concerns of future assault by unknown individuals are insufficient to provide knowledge that the inmate is subject to a substantial risk of serious harm." Anselmo v. Kirkpatrick, 2019 WL 2137469, at *4 (N.D.N.Y. May 16, 2019) (collecting cases). Rather, an Eighth Amendment failure-to-protect claim lies when the plaintiff "alleges that he informed corrections officers about a specific fear of assault and [was] then assaulted." Tubbs v. Venettozzi, 2019 WL 2610942, at *5 (N.D.N.Y. June 26, 2019).

Here, plaintiff does not adequately plead the subjective prong. He and his attorney allegedly told Supt. Connolly about O'Connor, Hurst, DeFreese, and Curtin's alleged threats and physical abuse before the May 6, 2015, assault occurred. But the amended complaint does not allege anyone warned Supt. Connolly that another inmate posed a substantial risk of serious

9

harm to plaintiff's safety, nor does it contain any factual allegation suggesting Supt. Connolly otherwise knew or learned of such a risk.

Plaintiff having offered no plausible allegation that Supt. Connolly subjectively perceived, but disregarded, a serious risk to plaintiff of an inmate attack, plaintiff's failure-to-protect claim must be dismissed.

V.  Violations of Prison Grievance Procedure

The John Doe defendants and Sgt. Padgett argue they did not violate plaintiff's constitutional rights by allegedly ignoring plaintiff's grievances, because the Constitution does not guarantee access to a prison grievance system.

The Court agrees.

"[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." Cancel v. Goord, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001). "Indeed, any claim that plaintiff[] [was] deprived of [his] right to petition the government for redress is belied by the fact of [his] bringing this lawsuit." Alvarado v. Westchester County, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014).

Thus, the Court dismisses plaintiff's claim arising from any defendant's alleged refusal to accept plaintiff's grievances.

VI.  Conspiracy Claim

Lastly, plaintiff fails adequately to plead a claim of conspiracy.

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).

First, plaintiff plainly does not plausibly allege C.O. Judge conspired with another to use excessive force against plaintiff in the bathroom at Fishkill. Only one substantive sentence of the amended complaint mentions Judge. (See Am. Compl. ¶ 28). That sentence portrays Judge as having acted alone when he allegedly knocked plaintiff to the ground. The amended complaint does not allege Judge entered into any agreement with any other defendant, or that Judge had any knowledge of or involvement in plaintiff's alleged interactions with any other defendant.

Second, because plaintiff has not adequately pleaded any other underlying violation of his constitutional rights, his conspiracy claim against all other defendants necessarily fails as a matter of law. See, e.g., Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("[A] plaintiff alleging a § 1983 conspiracy claim must [allege] an actual violation of constitutional rights.").

For these reasons, plaintiff's conspiracy claim must be dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's excessive force claim against C.O. Judge shall proceed. All other claims are dismissed.

By August 20, 2019, C.O. Judge shall answer the amended complaint's surviving claim.

The Clerk is directed to (i) terminate the motion (Doc. #17), and (ii) terminate defendants Connolly, Curtin, Padgett, O'Connor, Hurst, DeFreese, and John Does 1–4.

Dated: August 6, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge